UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDWARD ALEXIS PICHARDO,   CASE NO:

    Plaintiff,

v.

PROGRESSIVE EXPRESS
INSURANCE COMPANY.

    Defendant.
_____/

## DEFENDANT'S, PROGRESSIVE EXPRESS INSURANCE COMPANY, NOTICE OF REMOVAL

Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY (hereinafter "Defendants"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1332, § 1441, § 1446 and Local Rule 7.2, files this Notice of Removal to the United States District Court, Southern District of Florida, Miami Division, in the above-styled cause and in support thereof, states:

### I. STATEMENT OF FACTS

1. On or about June 10, 2020, Plaintiff, EDWARD ALEXIS PICHARDO (herein "Plaintiff"), filed a Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the matter styled *Edward Alexis Pichardo v. Progressive Express Insurance Company* Case No.: 2020-012330-CA-01 (the "State Court Action"). See Complaint attached hereto as Exhibit "A".

2. On August 5, 2020, the Plaintiff served the Chief Financial Officer of the State of Florida with process in the State Court Action. See Summons attached hereto as Exhibit "B".

3. On August 18, 2020, the Chief Financial Officer sent or made available a copy of the Summons and Complaint to this Defendant in accordance with section 624.423, Florida Statutes (2020). See Service of Process Transmittal attached hereto as Exhibit "C".

4. This case is properly removable due to diversity of citizenship between Plaintiff, EDWARD ALEXIS PICHARDO, and Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, a Foreign Profit Corporation

5. This Notice of Removal is being timely filed within thirty (30) days from August 18, 2020, the date upon which the Summons and Complaint were made available to this Defendant from the Chief Financial Officer upon which it was served.

6. The District Courts of the United States have original jurisdiction of this civil action as provided in 28 U.S.C. §1332. Under §1332, this Court has jurisdiction based upon complete diversity as follows:

    a. Plaintiff is a citizen of the state of Florida. See Exhibit "A" at ¶ 3.

    b. Defendant is a citizen of the state of Ohio. Defendant is a foreign profit corporation, organized under the laws of the state of Ohio with its principal place of business in Mayfield Village, Ohio. A copy of Defendant's corporate filings showing citizenship and its principal place of business in the state of Ohio is attached hereto as Exhibit "D".

7. While Plaintiff's Complaint only alleges damages that exceed the amount of $30,000, Plaintiff's counsel has advised representatives of this Defendant that the Plaintiff has a hospital bill in excess of $800,000 as a result of the incident alleged in the Complaint. See Exhibit "A" at ¶ 1.

8.     Additionally, Plaintiff alleges in the Complaint that he "suffered serious bodily injury and resulting pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money," which are "either permanent or continuing." See Exhibit "A" at ¶ 8. Thus, with a hospital bill in excess of $800,000, which the Plaintiff is expressly claiming as a result of the subject incident, as well as undetermined future amount of damages, the amount in controversy exceeds $75,000.00.

9.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders and other paper or exhibits of every kind from the State Court Action are being filed herewith. No other process, pleadings or orders, have been served upon Defendants. *See* Composite Exhibit "E".

## II. MEMORANDUM OF LAW

### A.     The Amount in Controversy Exceeds $75,000.

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b).

Where the amount in controversy is not specified in the Complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010). To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. *See Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1314-15 (11th Cir. 2002).

Plaintiff's counsel has communicated to representatives of this Defendant that the Plaintiff's hospital bill as a result of the subject incident is in excess of $800,000. Further, Plaintiff alleges that he has suffered "serious bodily injury and resulting pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money." See Compl. at ¶ 8. Thus, with over $800,000 incurred in hospital expenses, which the Plaintiff is expressly claiming as damages in this incident, the amount in controversy exceeds $75,000.00.

### B.     There is Complete Diversity Between the Parties.

To determine the citizenship of a corporation for purposes of ascertaining diversity jurisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business of a corporation is its nerve center, which has been defined as "the place where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 91-94 (2010) (establishing the "nerve center" test as a uniform approach for determining corporate citizenship).

Defendant was incorporated in Ohio and has a principal place of business in Mayfield Village, Ohio. Defendant is therefore a citizen of Ohio. Plaintiff was domiciled and is a resident in the State of Florida, and is thus a citizen of Florida. *See* Exhibit "A" at ¶ 2. Therefore, this Notice of Removal is founded and based upon complete diversity of citizenship between the Plaintiff and Defendants, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

### III. CONCLUSION

There is complete diversity of citizenship and the matter in controversy exceeds $75,000.

WHEREFORE, Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, respectfully requests this Court to assume Federal jurisdiction of this action, now pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and approve this Notice of Removal.

Respectfully submitted, this 10th day of September 2020.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 10 day of September, 2020, a true and correct copy of the foregoing was filed with the CM/ECF e-Filing Portal for the United States District Court for the Southern District of Florida, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Hoss Hernandez, Esq., hosshernandezpa@gmail.com; Lisandra@hosshernandez.com; pleadings@hosshernandez.com, 3250 N.W. 7th Street, Miami, FL 33125, (305) 859-2222/(305) 858-6097 (F), Attorney for Plaintiff, Edward Alexis Pichardo and Howard K. Pita, Esq., Pita, Weber & Del Prado, spita@pwdlawfirm.com; pquijada@pwdlawfirm.com, 9350 South Dixie Highway, Suite 1200, Miami, FL 33156, (305) 670-2889/(305) 670-6666 (F), Attorney for Plaintiff, Edward Alexis Pichardo.

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant PROGRESSIVE EXPRESS INSURANCE COMPANY
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6756
Facsimile (305) 373-2294
Primary e-mail: Joe.Goldberg@csklegal.com
Secondary e-mail: samuel.basch@csklegal.com
Alternate e-mail: linn.signori@csklegal.com

By: _____
JOSEPH J. GOLDBERG
Florida Bar No.: 91107
SAMUEL E BASCH
Florida Bar No.: 1010081